# BILL TUCKER et al. v. STATE.

No. A.-10137. May 27, 1942.

(126 P. 2d 551.)

Robert R. Rittenhouse, of Oklahoma City, for defendants.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J. Defendants, Bill Tucker and Leonard Hopkins, were charged in the court of common pleas of Oklahoma county with the crime of unlawfully conveying intoxicating liquor, towit, 54 pints of tax-paid whisky, were tried, convicted, and each sentenced to pay a fine of $75, and serve 45 days in the county jail, and have appealed.

An appeal from the judgment rendered was perfected by filing in this court on the 5th day of September, 1941, a petition in error with case-made attached. No briefs have been filed and no appearance for oral argument has been made.

Where a defendant appeals from a judgment and conviction, and no brief in support of the petition in error is filed, and no appearance for oral argument is made, the court will examine the record for jurisdictional errors, and finding no fundamental error, the judgment will be affirmed.

The only contention relied on for a reversal of this case is that the court erred in refusing to quash and hold for naught the information filed herein, and to suppress the evidence for the reason that the same was obtained as the result of an "illegal, wrongful, unlawful and unauthorized search of the property of these defendants without the aid of a good and valid search warrant and in violation of the constitutional and statutory rights of these defendants."

This contention is based upon the fact that defendants were seen by officers driving their automobile into a public garage in Oklahoma City. That the officers drove up by the side of the car and saw bottles of whisky in the front and back seats and upon the floor. Most of the bottles were wrapped in brown paper with the initials of the kind of whisky thereon, such as is ordinarily used in wrapping whisky. Some of the packages had been broken and the bottles were exposed. These were observed by the officers prior to the arrest of defendants and the further search of their car. The defendants had not rented the car from the "Drive in", but had gone in there when they thought someone was following them. It was about 1 a. m. The defendant Bill Tucker admitted that it was his car which was conveying the whisky and that the whisky belonged to him, and that he had employed the defendant Leonard Hopkins to drive the car. There was no evidence that the liquor was to be used for a legitimate purpose. The place where it was found was a public

place, where the officers had the right to be, the same as the defendants.

Finding no fundamental error in the trial of this case, the judgment of the court of common pleas of Oklahoma county is affirmed.

JONES and DOYLE, JJ., concur.